UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
CESAR A. TODD-MURGAS,

                    Petitioner,

          v.                                    5:02-CV-0098

UNITED STATES OF AMERICA,

                    Respondent,

_____

APPEARANCES:                              OF COUNSEL:

CESAR A. TODD-MURGAS
07109-052
Petitioner *pro se*
CI  Big Spring
Correctional Institution
2001 Rickabaugh Drive
Big Spring, TX 79720

GLENN T. SUDDABY                          GRANT C. JAQUITH
United States Attorney                    Assistant U.S. Attorney
Northern District of New York
100 South Clinton Street
Syracuse, NY 13261-7198

HOWARD G. MUNSON, SR. J.

_____

MEMORANDUM DECISION AND ORDER

On March 21, 1996, an 8-count Second Superceding Indictment charged Cesar Todd-

Murgas, alias Tony, alias Pepita ("Petitioner"), with conspiracy to distribute cocaine and

distributing cocaine.  Count 2 charges Petitioner with conspiring to distribute cocaine with 12

co-defendants.  Count 12 charged Petitioner with distributing cocaine March 5, 1996. Count 8

charged criminal forfeitures. The conspiracy count specified that it was part of a conspiracy that

Petitioner and Luis Cordoba had Jayson Jones transport cocaine from the New York, New York area, to the Rome, New York area for redistribution by coconspirators, and had Jones hold or store cocaine for them and their coconspirators. The conspirators count further charged that it was part of a conspiracy that Petitioner and Luis Cordoba regularly possessed with intent to distribute and distributed cocaine, including on March 5, 1996.

Six of the conspirators plead guilty. The others, Petitioner, Raul Cordoba, Ruben Todd, Vicente Rogers and Gilberto Arce, proceeded to trial in May 1997, on Counts 2 - 7. The trial concluded on June 26, 1997, Each of the five defendants were convicted of conspiracy to distribute cocaine (Count 2), and all charged substantive counts (Counts 3 - 7). Petitioner was convicted of selling cocaine on March 5, 1996, as charged in Count 6. The defendants' motions for acquittal or a new trial were denied. United States v. Murgas, 177 F.R..D. 97 (N.D.N.Y. 1998). On July 29, 1998, Petitioner was sentenced to be imprisoned for 210 months, to be followed by supervised release for 5 years. The five defendants appealed their convictions and sentences, and, on December 5, 2000, the Second Circuit Court of Appeals affirmed the defendants' convictions, and rejected their sentencing challenges. United States v. Murgas, 233 F.3d 704 (2d Cir. 2000). Prior to the Court of Appeals decision being delivered, however, the United States Supreme Court rendered its opinion in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (June 26, 2000). Defendants and the United States submitted supplemental letter briefs concerning the impact of Apprendi to the Court of Appeals, but the issue was not discussed in the court's opinion in Petitioner's case. Defendants then moved for a rehearing, but the Court of Appeals denied the motion, and declared that the issue should be considered by the District Court. The issue was addressed in succeeding hearings concerning

the accountability of co-defendants Luis Cordoba, Raul Cordoba and Luis Todd for the murders of Jason Jacobs and Kelly Cross, and finally resolved by the Court of Appeals.  United States v. Cordoba-Murgas, 422 F.3d 65 (2d Cir. 2005).

Petitioner now moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that the sentence imposed on him was unconstitutional because there was a general verdict on Count 2, that Counts 2 and 6 did not spell out the drug quantity involved in his sentence, and his sentence was based on facts not charged in the indictment or found by the jury.  He further alleges ineffective assistance of counsel for failing to raise these issues while his case was pending.

Petitioner bases his claims on the United States Supreme Court's decisions in Apprendi, Blakely v. Washington, 542 U.S. 296, 124 S. Ct., 159 L. Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005).

In Apprendi v. New Jersey, the Supreme Court found that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 488, 120 S. Ct. at 226.  In Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2521, 159 L. Ed.2d 403 (2004), the Supreme Court applied Apprendi and elaborated that the "statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. 303, 124 S. Ct. at 2537.  In United States v. Booker, 543 U.S. 220, 258-59, 125 S. Ct. 738, 764, 160 L. Ed.2d 621 (2005), the Supreme Court applied Apprendi and Blakely to the United States Sentencing Guidelines, ruling that the mandatory application of the Guidelines violates the Sixth Amendment and

3

excising provisions making the Guidelines mandatory, but otherwise leaving the Guidelines in place.

Booker and Blakely do not apply retroactively to matters on collateral review. See Green v. United States, 397 F.3d 101, 2005 WL 237204 (2d Cir.2005) (holding that neither Blakely nor Booker apply retroactively). Petitioner's reliance on these cases, therefore, affords him no relief. Petitioner's reliance on Apprendi is mistaken. He claims that the court violated Apprendi by increasing his sentence on the basis of facts not submitted to a jury. However, there is nothing in the Apprendi decision requiring a jury determination on sentencing enhancements that result in a sentence below the statutory maximum. The Second Circuit's holding that drug quantity is an element of an § 841 offense does not preclude a district court from considering drug quantity in determining a defendant's relevant conduct for sentencing purposes pursuant to U.S.S.G §1B1.3(a), in cases where quantity is not charged in the indictment or found by the jury, so long as the resulting sentence does not exceed the statutory maximum. United States v. White, 240 F.3d 127, 135-36 (2d Cir.2001); cf. United States v. Garcia, 240 F.3d 180, 183 (2d Cir.) ("We see nothing in the [Supreme] Court's holding in Apprendi or its explication of the holding that alters a sentencing judge's traditional authority to determine those facts relevant to selection of an appropriate sentence within the statutory maximum ...."), cert. denied, 533 U.S. 960, 121 S. Ct. 2615, 150 L. Ed.2d 769 (2001). The constitutional rule of Apprendi does not apply where the sentence imposed is not greater than the prescribed statutory maximum for the offense of conviction. United States v. McLeod, 251 F.3d 78, 82 (2d Cir.), cert. denied, 534 U.S. 935, 122 S. Ct. 304, 151 L. Ed.2d 226 (2001).

Here, a jury found the petitioner guilty on two counts of the indictment, 21 U.S.C. § 846

4

- Conspiracy to possess with intent to distribute and to distribute cocaine, (Count 2) and, 21 U.S.C. § 841(a)(1)&(2) - Distribution of cocaine (Count 6). Petitioner was sentenced to 210 months imprisonment on each Count, to be served concurrently, followed by five years of supervised relief. The applicable statutory penalty for conspiracy to distribute and distribution of any quantity of cocaine is imprisonment for up to 20 years, 21 U.S.C.§ 841(b)(1)(C) Petitioner's sentence of 210 months (17.5 years) falls below the statutory maximum. Apprendi, therefore, is inapplicable to the present case.

Petitioner's claim that his counsel's alleged failure to raise Apprendi arguments on direct appeal constitutes ineffective assistance of counsel is meritless. When Apprendi was decided prior to the appeal in Petitioner's case, the parties thereto submitted supplemental letter briefs to the Court of Appeals concerning the impact of Apprendi. When the issue was not discussed in the appeals decision, the defendants moved for a rehearing. The motion was denied and the appeals court ruled that the Apprendi issue should be addressed by the District Court. Therefore, Apprendi was brought to the appeals court attention, considered, and left to examination by the District Court. The Second Circuit remanded the case for three of the defendants for resentencing, rejected the arguments of the other defendants, including Petitioner, and affirmed their convictions.

It is apparent, then, that the Second Circuit considered the Apprendi decision in connection with its decision on Petitioner's direct appeal, and, therefore, his 2255 motion seeking collateral relief has not been procedurally defaulted, and, furthermore, it demonstrates that Petitioner's ineffective assistance of counsel claim is unsubstantiated.

Accordingly, for the foregoing reasons, Petitioner's motion to vacate, set aside, or correct

5

his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. Further, a certificate of appealability shall not issue because Petitioner has not demonstrated a substantial showing of a constitutional violation. See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**

Dated:  May 22, 2007
           Syracuse, New York

Howard G. Munson
Senior  U.S. District Judge